**Todd M. Friedman (216752)**
**Adrian R. Bacon (280332)**
**Law Offices of Todd M. Friedman, P.C.**
**21550 Oxnard St., Suite 780**
**Woodland Hills, CA 91367**
**Phone: 877-206-4741**
**Fax: 866-633-0228**
**tfriedman@toddflaw.com**
**abacon@toddflaw.com**
**Attorneys for Plaintiff, Suzie Cesarina**

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUZIE CESARINA, individually, and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>T-MOBILE USA, INC.,<br><br>　　　　　Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>(1)　Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17200 *et seq.*)<br>(2)　Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17200 *et seq.*)<br>(3)　Violations of the False Advertising Law, (Cal. Bus. & Prof. Code § 17500, et seq.)<br>(4)　Violation of the Electronic Funds Transfer Act §§ 1693 *et seq.*<br><br>**Jury Trial Demanded** |

Plaintiff Suzie Cesarina ("Plaintiff"), individually and on behalf of all other members of the public similarly situated, allege as follows:

## NATURE OF THE ACTION

1.     Plaintiff brings this class action Complaint against Defendant T-MOBILE USA, INC. (hereinafter "Defendant") to stop Defendant's practice of falsely advertising its services in order to falsely induce consumers to switch to their telephone service and to obtain redress for all California consumers ("Class Members") (a) who were represented to have four telephone lines with unlimited minutes, text messages, data for $100, (hereinafter collectively referred to as the "Class Services") (b) who were represented to receive free tablets (hereinafter collectively referred to as the "Class Products"), or (c) whose bank accounts were debited on a reoccurring basis without obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers, Defendant.

2.     Defendant is a Washington corporation and is engaged in the advertising, sale, and provider of telephone services with a large share of its business done in California.

3.     Defendant represents to prospective consumers that they would be able to receive four telephone lines for $100 unlimited minutes, text messages, data. In addition, Defendant also advertises that it will provide free tablets with an activation fee that we will be reimbursed over time.

4.     Plaintiff and others similarly situated purchased Defendant's telephone services and received tablets from Defendant.

5.     Defendant misrepresented and falsely advertised to Plaintiff and others similarly situated the price of these services because Defendant charged purchasers of these services and products for more than was advertised and deducted these funds from consumers accounts of Plaintiff and those similarly

situated to Plaintiff which these consumers never agreed to pay for.

6.     Defendant's misrepresentations to Plaintiff and others similarly situated caused them to purchase Defendant's telephone services and tablets, which Plaintiff and others similarly situated would not have purchased absent these misrepresentations by Defendant and its employees. In so doing, Defendant has violated California consumer protection statutes.

## JURISDICTION AND VENUE

7.     This class action is brought pursuant to Federal Rule of Civil Procedure 23.  All claims in this matter arise exclusively under California law.

8.     This matter is properly venued in the United States District Court for the Central District of California, in that Plaintiff was subject to Defendant's advertisements at Defendant's retail location at 186 The Shops at Mission Viejo, Mission Viejo, CA 92691 located in Orange County and the Central District of California. In addition, Defendant does business, inter alia, in the Central District of California.

9.     There is original federal subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (Feb. 18, 2005), by virtue of 28 U.S.C. §1332(d)(2), which explicitly provides for the original jurisdiction of federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from the State of citizenship of any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interests and costs.

10.     In the case at bar, there are at least 100 members in the proposed Class, the total claims of the proposed Class members are in excess of $5,000,000.00 in the aggregate, exclusive of interests and costs, and Plaintiff and the class are citizens of California State.

**THE PARTIES**

11.     Plaintiff Suzie Cesarina is a citizen and resident of the State of California.

12.     Defendant T-MOBILE USA, INC. is a Delaware corporation with its principal place of business located and headquarters is located in Washington. Defendant conducts a large share of its business within California.

13.     Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or is attributable to, Defendant and/or its employees, agents, and/or third parties acting on its behalf, each acting as the agent for the other, with legal authority to act on the other's behalf.  The acts of any and all of Defendant's employees, agents, and/or third parties acting on its behalf, were in accordance with, and represent, the official policy of Defendant.

14.     Plaintiff is informed and believes, and thereon alleges, that said Defendant is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions of each and all its employees, agents, and/or third parties acting on its behalf, in proximately causing the damages herein alleged.

15.     At all relevant times, Defendant ratified each and every act or omission complained of herein.  At all relevant times, Defendant, aided and abetted the acts and omissions as alleged herein.

**PLAINTIFF'S FACTS**

16.     In or around November of 2016, Plaintiff went to The Shops at Mission Viejo where she was drawn to Defendant's advertisements of 4 lines for only $100 for unlimited talk, text and data after, including taxes and fees.

17.     While waiting in line to purchase these services Defendant advertised to Plaintiff that she could receive an additional two tablets absolutely

free.

18.    For the service plan, Plaintiff paid more than valuable consideration.

19.    A salesperson of Defendant who was authorized to make representations on behalf of Defendant informed Plaintiff that if she switched to Defendant's telephone plan, then she would pay $100 per month and receive the four 4 lines for only $100 for unlimited talk, text and data after, including taxes and fees and the free tablets.

20.    However, once Plaintiff had selected a tablet to "purchase", the Defendant's sales representative told her that she would have to pay an activation fee, which would be reimbursed.

21.    Relying on the assurance that Plaintiff would receive the above referenced service and products, Plaintiff decided to terminate her current telephone service and purchase the telephone services from Defendant. Plaintiff purchased the telephone service because of the above referenced representations made by Defendant.

22.    Defendant's sales representative then presented her with a hand-held electronic device, and instructed her to sign her name onto the device, electronically. Defendant's sales representatives told her that she would subsequently apply her electronic signature onto the relevant purchase documents, from the device. Plaintiff was never informed what the actual purchase documents consisted of, but Plaintiff did not believe it to be anything other than a signature for payment.  Plaintiff was never presented with a contract to read and/or sign, and the device had no writing on it pertaining to any agreement that Plaintiff was being asked to sign, it just had a place for her to write her signature with a stylus.  Plaintiff was never informed to go elsewhere to review any terms and conditions of the agreement Plaintiff entered into.

23.    Plaintiff was never presented with the agreement prior to signing,

CLASS ACTION COMPLAINT

the electronic device contained no information about the agreement, and a copy was never printed and given to her after signing.

24.   However, after Plaintiff purchased Defendant's telephone services, she did not receive any of the things that Defendant had advertised.

25.   First, Defendant began charging Plaintiff well over the $100 per month.

26.   Second, Defendant failed to reimburse Plaintiff for the activation fee.

27.   Third, Defendant began charging these extra funds from Plaintiff's account without her permission.

28.   After noticing the inaccurate electronic debit, Plaintiff immediately contacted Defendants and disputed the withdrawal based on the representations of terms of the payment for the telephone and tablet made by Defendant's sales representative.

29.   Plaintiff had never seen any explanation of these additional charges, nor had Defendant's sales' representatives informed her of these additional charges. Further, Plaintiff never had the opportunity to see any explanation of these charges (if they did appear on the 'contract') because Plaintiff was never given a copy of the documents Plaintiff had signed.  Importantly, Defendant failed to provide clear and readily understandable notice of this amount, and of additional services for which the transfer was set to take place, by written notice, 10 days before the scheduled transfer date, as required under Regulation E § 205.10(d)(1), governing EFTA.

30.   Plaintiff immediately asked Defendant to cancel any additional charges that she did not agree to.

31.   However, Plaintiff discovered that Defendant had continued to automatically withdraw additional funds from her account on a reoccurring basis.

Defendant failed to provide clear and readily understandable notice of these variations in the transfer amounts, and of additional services for which the transfer was set to take place, by written notice, 10 days before the scheduled transfer date, as required under Regulation E § 205.10(d)(1), governing EFTA.

32.    Plaintiff never provided Defendant with any authorization to deduct these extra sums of money on a regular recurring basis from Plaintiff's banking account.

33.    Defendants continued to deduct these monthly sums from Plaintiff for several months without Plaintiff's authorization.

34.    Further, Defendants did not provide to Plaintiff, nor did Plaintiff execute, any written or electronic writing memorializing or authorizing the additional recurring or automatic payments.

35.    Plaintiff did not provide Defendants either with a written or an electronic signature authorizing the additional recurring or automatic payments.

36.    Defendant's sales tactics regarding its telephone services and tablets rely on falsities and have a tendency to mislead and deceive a reasonable consumer.

37.    Defendant expressly represented to Plaintiff (a) she would have four telephone lines with unlimited minutes, text messages, data for $100 and (b) would be reimbursed for her activation fees of the tablet and that they would be free.

38.    Plaintiff alleges that such representations were part of a common scheme to mislead consumers and incentivize them to purchase telephone services in spite of the inhibition brought about by the difficulty of installing them.

39.    In purchasing the Class Services, Plaintiff relied upon Defendant's representations.

40.   Such representations were clearly false because Plaintiff was charged more than $100 per month.

41.   Plaintiff would not have purchased the telephone service and tablets if she knew that the above-referenced statements made by Defendant were false.

42.   Had Defendant properly marketed, advertised, and represented the Class Services, Plaintiff would not have purchased the telephone service.

43.   Plaintiff gave her money to Defendant because of Defendant's representations. Defendant benefited from falsely advertising the telephone service and tablets. Defendant benefited on the loss to Plaintiff and provided nothing of benefit to Plaintiff in exchange.

44.   Had Defendant properly marketed, advertised, and represented the Class Services, no reasonable consumer who purchased a telephone service and tablets would have believed that the telephone service was $100 per month or that the tablet was free.

## CLASS ACTION ALLEGATIONS

45.   Plaintiff brings this action, on behalf of herself and all others similarly situated, and thus, seeks class certification under Federal Rule of Civil Procedure 23.

46.   The classes Plaintiff seeks to represent (the "Classes") are defined as follows:

> EFTA Class: All persons in the United States whose bank accounts were debited on a reoccurring basis by Defendant without Defendants obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers within the one year prior to the filing of this Complaint

> EFTA Class 2: All persons in the United States whose bank accounts were debited on a reoccurring basis by Defendant after revoking consent to withdraw such funds

> Telephone Service Class: All California Citizens who, between the applicable statute of limitations and the

present, purchased one or more Class Services in the State of California, and whose telephone service were advertised as $100 for four lines with unlimited talk, text and data.

Tablet Class: All California Citizens who, between the applicable statute of limitations and the present, purchased one or more Class Products in the State of California, and whose table was advertised to be free

47.    As used herein, the term "Class Members" shall mean and refer to the members of the Classes described above.

48.    Excluded from the Classes are Defendant, its affiliates, employees, agents, and attorneys, and the Court.

49.    Plaintiff reserves the right to amend the Classes, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

50.    Upon information and belief, the proposed class is composed of thousands of persons.  The members of the class are so numerous that joinder of all members would be unfeasible and impractical.

51.    No violations alleged in this complaint are contingent on any individualized interaction of any kind between class members and Defendant.

52.    Rather, all claims in this matter arise from the identical business practices to Class Members' when purchasing telephone services and tablets, when in fact, such representations were false.

53.    There are common questions of law and fact as to the Class Members that predominate over questions affecting only individual members, including but not limited to:

(a)    Whether Defendant engaged in unlawful, unfair, or deceptive business practices in selling Class Services and Products to Plaintiff and other Class Members;

(b)    Whether Defendant made misrepresentations with respect to

the Class Services and Products sold to consumers;

(c)     Whether Defendant profited from both the sale of the telephone services and tablets;

(d)     Whether Defendant withdrew funds from Class Members that it was not authorized to take;

(e)     Whether Defendant violated California Bus. & Prof. Code § 17200, *et seq*. and California Bus. & Prof. Code § 17500, *et seq*.;

(f)     Whether Defendant violated 15 U.S.C. § 1693 *et seq*.;

(g)     Whether Plaintiff and Class Members are entitled to equitable and/or injunctive relief;

(h)     Whether Defendant's unlawful, unfair, and/or deceptive practices harmed Plaintiff and Class Members; and

(i)     The method of calculation and extent of damages for Plaintiff and Class Members.

54.     Plaintiff is a member of the classes she seeks to represent

55.     The claims of Plaintiff are not only typical of all class members, they are identical.

56.     All claims of Plaintiff and the classes are based on the exact same legal theories.

57.     Plaintiff has no interest antagonistic to, or in conflict with, the classes.

58.     Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member, because Plaintiff bought Class Services and Products from Defendant during the Class Period and had funds automatically withdrawn from her account without her permission.  Defendant's unlawful, unfair and/or fraudulent actions concerns the same business practices described

herein irrespective of where they occurred or were experiences.   Plaintiff's claims are typical of all Class Members as demonstrated herein.

59.     Plaintiff will thoroughly and adequately protect the interests of the class, having retained qualified and competent legal counsel to represent herself and the class.

60.     Common questions will predominate, and there will be no unusual manageability issues.

### FIRST CLAIM FOR RELIEF
**Unfair and Unlawful Business Practices in Violation of the Unfair Competition Law,**
**Cal. Bus. & Prof. Code § 17200, *et seq.***
**(On Behalf of Plaintiff and the Telephone Service Class and the Tablet Class)**

61.     Plaintiff incorporates the above allegations by reference.

62.     Defendant's conduct resulted from policies that Defendant contrived, ratified, and implemented throughout its retail locations.

63.     Defendant's conduct is unlawful, in violation of the UCL, because it contravenes the legislatively declared policy against unfair methods of business competition. Additionally, Defendant's conduct is unlawful because, as set forth below, it violates the False Advertising Law and the Consumer Legal Remedies Act.

64.     Defendant engaged in unfair methods of competition and unfair trade practices that violate the UCL in at least the following respects:

a.     With the intent and effect of stifling open and vigorous competition in the market for telephone and telephone related products and services, Defendant devised and executed a scheme to mislead consumers throughout its retail locations.

b.     Defendant intentionally caused the above referenced misleading of consumers through purposeful, willful and intentional objectively false statements and omissions.

CLASS ACTION COMPLAINT

c.     Defendant made no action to rectify the above referenced deception and provided no corrective advertising that was easily accessible to consumers which would offset its blatantly false advertising.

d.     By forcing Plaintiff and Class members believe that its products and services were cheaper than they appeared, Defendant has obtained an unfair advantage in the marketplace and has hindered competition for other telephone and telephone related products and services.

e.     To induce purchases of Defendant's products and services, Defendant provided misleading signages and representations throughout its retail locations.

f.     Defendant's conduct was designed to increase and maintain its share of the telephone and telephone related products and services market due to conditions separate from competitive factors like pricing and features of goods and services.

65.     Defendant acted to inhibit competition in a manner that is unfair and substantially injurious to the consuming public. Defendant's unfair methods of competition and unfair acts and practices are contrary to California law and policy and constitute unscrupulous, unethical, outrageous, and oppressive business practices.

66.     Defendant has indicated that it considers itself free to commit similar injurious acts of unfair competition in the future. It should be enjoined from doing so pursuant to Business and Professions Code section 17203.

67.     The gravity of the harm resulting from Defendant's conduct detailed above outweighs any possible utility of this conduct. There are reasonably available alternatives that would further Defendant's legitimate business interests.

68.     Plaintiff and Class members could not have reasonably avoided injury from Defendant's unfair business conduct. Plaintiff and Class members

CLASS ACTION COMPLAINT

did not know, and had no reasonable means of learning, that Defendant's products did not have the pricing information that Defendant represented.

69.    As a direct and proximate result of Defendant's conduct, Plaintiff and Class members have suffered injuries in fact, including because:

a.    Defendant's unfair methods of competition and unfair acts and practices have prevented Plaintiff and Class members from making purchasing decisions on the basis of competitive factors in the marketplace for consumer and business goods.

b.    As a result of Defendant's unfair methods of competition and unfair acts and practices, Plaintiff and Class members who purchased telephone services and telephone related products that they would not have purchased absent Defendant's false representations.

c.    Defendant's unfair methods of competition and unfair acts and practices have caused Plaintiff's and Class members' to purchase products and services that were substantially more expensive advertised.

70.    All of Defendant's unlawful and unfair conduct occurred during Defendant's business and was part of a generalized course of conduct.

71.    Plaintiff and the Class accordingly are entitled to relief as provided for under the UCL, including restitution, declaratory relief, and a permanent injunction prohibiting Defendant from committing these violations. Plaintiff also respectfully seek reasonable attorneys' fees and costs under applicable law, including California Code of Civil Procedure section 1021.5.

## SECOND CLAIM FOR RELIEF
**Fraudulent Business Practices in Violation of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.***
**(On Behalf of Plaintiff and the Telephone Service Class and the Tablet Class)**

72.    Plaintiff incorporates the above allegations by reference.

73.    Defendant's conduct resulted from policies that Defendant contrived, ratified, and implemented systematically throughout its retail

1    locations.

2        74.    Defendant's conduct violates the UCL's prohibition of fraudulent

3    business practices.

4        75.    To induce purchases of Defendant's telephone services and related

5    products, Defendant made misleading statements in its advertisements that

6    deceived Plaintiff and Class members and reinforced its reasonable expectation

7    and belief about the price of its products and services.

8        76.    A reasonable consumer would expect that they would be able to rely

9    on the pricing information provided by Defendant.

10       77.    At the time Plaintiff and Class members purchased their Class

11   Products, Defendant was aware of consumers' widespread and common practice

12   of relying on the pricing information of Defendant. Defendant deliberately

13   furthered, fostered, and reinforced this expectation, through uniform

14   misrepresentations and material omissions.

15       78.    Defendant's uniform listing of false pricing information

16   communicated to reasonable consumers through the use of paper signages and

17   representations and other representations and omissions mislead these consumers

18   into believing that Defendant's telephone services and related products were

19   different than advertised.

20       79.    These multiple statements, together with (i) consumers' existing

21   reasonable expectations to rely on Defendant's representations, and (ii)

22   Defendant's suppression of the true, material fact that the telephone services and

23   products were of a different price, completed Defendant's deceptive scheme.

24       80.    Defendant's conduct had a strong tendency and likelihood to

25   deceive reasonable consumers. Defendant's conduct misled, deceived, and

26   tricked Plaintiff and Class members into purchasing Defendant's telephone

27   products and related services they would not have purchased in the absence of

28

1  Defendant's deception.

2       81.    When they purchased Defendant's telephone services and related

3  products, Plaintiff and Class members reasonably relied to their detriment on

4  Defendant's misleading statements in its advertisements, representations and

5  omissions. These statements deceived Plaintiff and Class members by, among

6  other things, reinforcing their reasonable expectation and belief that they could

7  rely on Defendant's pricing information.

8       82.    The pricing information was material and highly important to

9  Plaintiff and Class members in deciding to purchase Class Products and Class

10  Services.

11      83.    Defendant has a duty to clearly and conspicuously disclose to

12  Plaintiff and Class members the true and accurate pricing information of its

13  products, because (i) a reasonable consumer would find this information highly

14  important and material to the decision of whether to purchase a telephone service

15  and related products instead of another item, and (ii) a reasonable consumer

16  would expect that, unless otherwise informed, he or she would be able to rely on

17  Defendant's representations of the pricing information.

18      84.    Defendant caused Plaintiff and Class members to forgo purchasing

19  telephone services and related products from other companies due to its false

20  representations and concealment of material facts.

21      85.    At the direct expense of Plaintiff and Class members, Defendant

22  benefited and profited from its false representations and concealment of material

23  facts. As a direct and proximate result of Defendant's deception, more

24  consumers purchased Defendant's telephone services and related products.

25      86.    Defendant's wrongful and injurious deception continued when it

26  failed to provide corrective advertising to Plaintiff and Class members

27      87.    To induce purchases of Defendant's telephone services and related

28

products, Defendant intentionally caused the Class Products and Class Services to be perceived as being different prices than they in fact were.

88.     Defendant's misleading signages and representations had a strong tendency to, and actually did, deceive Plaintiff and Class members.

89.     Plaintiff and Class members reasonably relied to their detriment on Defendant's misleading signages and representations. Defendant's misleading misrepresentations and omissions caused actual harm to Plaintiff and Class members by inducing them to purchase Defendants' telephone services and related products. Plaintiff and Class members purchased Defendant's telephone services and related products as a direct and proximate result of Defendant's misleading statements and omissions.

90.     All of Defendant's misleading and fraudulent conduct occurred during Defendant's business and was part of a generalized course of conduct.

91.     Plaintiff and the Class accordingly are entitled to relief as provided for under the UCL, including restitution, declaratory relief, and a permanent injunction. Plaintiff also respectfully seek reasonable attorneys' fees and costs under applicable law, including California Code of Civil Procedure section 1021.5.

### THIRD CLAIM FOR RELIEF
**Violations of the False Advertising Law,**
**Cal. Bus. & Prof. Code § 17500, *et seq.***

**(On Behalf of Plaintiff and the Telephone Service Class and the Tablet Class)**

92.     Plaintiff incorporates the above allegations by reference.

93.     Defendant violated the FAL by using false and misleading statements, and material omissions, to promote the sale of Class Products and Class Services.

94.     Class Products and Class Services were more expensive than

1    Defendant promised.

2        95.    Defendant made uniform representations and material omissions

3    that communicated to Plaintiff and Class members that Class Products and Class

4    Services were of a different price.

5        96.    Defendant knew, or in the exercise of reasonable diligence should

6    have known, that its representations and omissions were false and misleading at

7    the time it made them. Defendant deliberately provided false representations and

8    omissions to deceive reasonable consumers.

9        97.    Defendant's false and misleading advertising of Class Products and

10   Class Services deceived the general public.

11       98.    As a direct and proximate result of Defendant's misleading and false

12   advertising, Plaintiff and Class members have suffered injury-in-fact and have

13   lost money and property. Plaintiff and Class members reasonably relied to their

14   detriment on Defendant's material misrepresentations and omissions that Class

15   Products and Class Services would be a higher price. Plaintiff and Class

16   members received products that were materially different than advertised: the

17   Class Products were of a different price than advertised.

18       99.    Plaintiff and Class members bring this action under Business and

19   Professions Code section 17535 to enjoin the violations described herein and to

20   require Defendants to issue appropriate corrective disclosures. Defendant's false

21   advertising will continue to harm consumers unless and until it is enjoined.

22   Plaintiff and Class members therefore seek: (a) an order requiring Defendant to

23   cease its false advertising; (b) full restitution of all monies Defendant derived

24   from its false advertising; (c) interest at the highest rate allowable by law; and

25   (d) an award of reasonable attorneys' fees and costs under applicable law,

26   including Code of Civil Procedure section 1021.5.

27   ///

28

1

2
### FOURTH CLAIM FOR RELIEF
**Violations of the Electronic Funds Transfer Act**
3
**15 U.S.C. § 1693 *et seq.***
**(On Behalf of Plaintiff and the EFTA Class)**
4

5     100.   Section 907(a) of the EFTA, 15 U.S.C. §1693e(a), provides that a

6 "preauthorized electronic fund transfer from a consumer's account may be

7 authorized by the consumer only in writing, and a copy of such authorization

8 shall be provided to the consumer when made."

9     101.   Section 903(9) of the EFTA, 15 U.S.C. § 1693a(9), provides that the

10 term "preauthorized electronic fund transfer" means "an electronic fund transfer

11 authorized in advance to recur at substantially regular intervals."

12     102.   Section 205.l0(b) of Regulation E, 12 C.F.R. § 205.l0(b), provides

13 that "[p ]reauthorized electronic fund transfers from a consumer's account may

14 be authorized only by a writing signed or similarly authenticated by the

15 consumer.  The person that obtains the authorization shall provide a copy to the

16 consumer."

17     103.   Section 205.10(b) of the Federal Reserve Board's Official Staff

18 Commentary to Regulation E, 12 C.F.R. § 205.l0(b), Supp. I, provides that "[t]he

19 authorization process should evidence the consumer's identity and assent to the

20 authorization."  *Id.* at ¶10(b), comment 5.  The Official Staff Commentary

21 further provides that "[a]n authorization is valid if it is readily identifiable as

22 such and the terms of the preauthorized transfer are clear and readily

23 understandable."  *Id.* at ¶10(b), comment 6.

24     104.   In multiple instances, Defendants have debited Plaintiff's and also

25 the putative Class members' bank accounts on a recurring basis without

26 obtaining a written authorization signed or similarly authenticated for

27 preauthorized electronic fund transfers from Plaintiff's and also the putative

28 Class members' accounts, thereby violating Section 907(a) of the EFTA, 15

U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

105.   In multiple instances, Defendants have debited Plaintiff's and also the putative Class members' bank accounts on a recurring basis without providing a copy of a written authorization signed or similarly authenticated by Plaintiff or the putative Class members for preauthorized electronic fund transfers, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

### FIFTH CLAIM FOR RELIEF
**Violations of the Electronic Funds Transfer Act**
**15 U.S.C. § 1693 *et seq.***
**(On Behalf of Plaintiff and the EFTA Class 2)**

106.   Plaintiff reincorporates by reference all of the preceding paragraphs.

107.   The EFTA, 15 U.S.C. §1693e(a), provides that  "[a] consumer may stop payment of a preauthorized electronic fund transfer by notifying the financial institution orally or in writing at any time up to three business days preceding the scheduled date of such transfer."

108.   Section 205.10(c)(1) of Regulation E provides that "[a] consumer may stop payment of a preauthorized electronic fund transfer from the consumer's account by notifying the financial institution orally or in writing at least three business days before the scheduled date of the transfer.""

109.   In multiple instances, Defendants debited bank accounts of the Class members on a recurring basis after the consumer requested to stop payments of a preauthorized electronic fund transfer from the consumer's account by notifying the financial institution orally or in writing at least three business days before the scheduled date of the transfer in violation of the EFTA, 15 U.S.C. § 1693e(a) and Regulation E, 12 C.F.R. § 205.10(c)(1).

### MISCELLANEOUS

110.   Plaintiff and Class Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all

conditions precedent to bringing this action or all such obligations or conditions are excused.

**REQUEST FOR JURY TRIAL**

111.  Plaintiff requests a trial by jury as to all claims so triable.

**PRAYER FOR RELIEF**

112.  Plaintiff, on behalf of herself and the Class, requests the following relief:

(a)  An order certifying the Class and appointing Plaintiff as Representative of the Class;

(b)  An order certifying the undersigned counsel as Class Counsel;

(c)  An order requiring T-MOBILE USA, INC., at its own cost, to notify all Class Members of the unlawful and deceptive conduct herein;

(d)  An order requiring T-MOBILE USA, INC. to engage in corrective advertising regarding the conduct discussed above;

(e)  Actual damages suffered by Plaintiff and Class Members as applicable or full restitution of all funds acquired from Plaintiff and Class Members from the sale of misbranded Class Services during the relevant class period;

(f)  Punitive damages, as allowable, in an amount determined by the Court or jury;

(g)  Any and all statutory enhanced damages;

(h)  All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

(i)  Pre- and post-judgment interest; and

(j)  All other relief, general or special, legal and equitable, to

which Plaintiff and Class Members may be justly entitled as deemed by the Court.

Dated:  November 23, 2017          Respectfully submitted,

                                   LAW OFFICES OF TODD M. FRIEDMAN , PC

                                       By: /s Todd. M. Friedman
                                          TODD M. FRIEDMAN, ESQ.
                                          Attorney for Plaintiff Suzie Cesarina

CLASS ACTION COMPLAINT